**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No**.   15-CV-00948

DERICK LAMAR WILLIAMS-BERRIEN

Plaintiff,

v.

OFFICER DAVID WILSON, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Aurora Police Department and the City of Aurora;

OFFICER GARY OLIVER, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Aurora Police Department and the City of Aurora;

OFFICER ROBERT PETREE, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Aurora Police Department and the City of Aurora;

AURORA POLICE CHIEF, DAN OATES, individually and in his capacity as a paid peace officer supervisor of OFFICER, DAVID WILSON, GARY OLIVER AND ROBERT PETREE; and as the as an Employee and/or Agent and/ or Chief of the Aurora Police Department and the City of Aurora;

AURORA POLICE DEPARTMENT, in its capacity as employer and/or supervisor of OFFICER, DAVID WILSON, GARY OLIVER AND ROBERT PETREE; AUORA POLICE CHIEF, DAN OATES; as an Agent and/or independent contractor of the City of Aurora;

THE CITY OF AURORA, in its capacity as a governmental entity and as the employer/principal of OFFICER, DAVID WILSON, GARY OLIVER AND ROBERT PETREE; AUORA POLICE CHIEF, DAN OATES; and the Aurora Police Department;
Defendants.

---

**COMPLAINT**

---

1

**COMES NOW** Plaintiff, DERICK LAMAR WILLIAMS-BERRIEN, by and through his attorneys *Earl & Earl, PLLC,* retained by pursuant to F.R.C.P., Rule 8 (a), and *Erickson V. Pardus*, 127 S. Ct. 2197 (2007), which requires a short and plain statement of the claim showing that the pleader is entitled to relief, and hereby states and alleges in his Complaint as follows:

### PARTIES

1.      At all times material hereto, Plaintiff, DERICK LAMAR WILLIAMS-BERRIEN (hereinafter referred to as Plaintiff Derick), was a resident of the city of Castle Rock, County of Douglas, State of Colorado.

2.      At all times material hereto, Defendant, OFFICER DAVID WILSON, was a paid peace officer and an Employee and/or Agent of the AURORA POLICE DEPARTMENT and the CITY OF AURORA, and was on duty and acting in the scope of his employment.

3.      At all times material hereto, Defendant, OFFICER GARY OLIVER, was a paid peace officer and an Employee and/or Agent of the AURORA POLICE DEPARTMENT and the CITY OF AURORA, and was on duty and acting in the scope of his employment.

4.      At all times material hereto, Defendant, OFFICER ROBERT PETREE, was a paid peace officer and an Employee and/or Agent of the AURORA POLICE DEPARTMENT and the CITY OF AURORA, and was on duty and acting in the scope of his employment.

5.      At all times material hereto, AURORA POLICE CHIEF, DAN OATES, was a paid peace officer and an Employee and/or Agent of the

2

AURORA POLICE DEPARTMENT and the CITY OF AURORA, and was on duty and acting in the scope of his employment.

6.      At all times material hereto, Defendant, AURORA POLICE DEPARTMENT, was an agent or independent contractor for the CITY OF AURORA.

7.      At all times material hereto, Defendant, THE CITY OF AURORA, was a governmental entity and/or political subdivision of the STATE OF COLORADO

8.      At all times material hereto, Defendant, THE CITY OF AURORA, was the employer of OFFICER DAVID WILSON, OFFICER GARY OLIVER, OFFICER ROBERT PETREE, and AURORA POLICE CHIEF, DAN OATES.

**JURISDICTION**

9.      Plaintiff re-alleges all previous allegations and statements of the Complaint and hereby incorporates all proceeding paragraphs as if fully set forth herein.

10.      This action arises under the Constitution and the laws of the United States, including the Fourth Amendment; the Fourteenth Amendment; and 42 U.S.C. §1981, § 1983, and § 1988; through the Fourteenth Amendment and the Federal Tors Claims Act, 28 U.S.C.A. § 2680 (h) and, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (e) and 28 U.S.C.A. 1367(a).

11.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(e).   All parties reside within the District of Colorado, and the events described in the Complaint occurred in the District of Colorado.

12.     This claim arises out of incidents, which occurred on May 4, 2013, and a shooting that occurred in the City of Aurora, County of Arapahoe, State of Colorado.

13.     Defendant Officer DAVID Wilson, and Aurora Police Department officer, and/or others as of yet unidentified law enforcement officer(s), which include Defendant law enforcement officers named herein, while engaged in the Aurora Police Department attempt to apprehend a suspect after a bank robbery occurred; negligently, recklessly, and/or in a willful and wanton manner; while in the performance of his/their duties and acting in the scope of his/their employment and under the color of law, shot at the unarmed Plaintiff Derick, tased him and placed him in horrific "figure four" holds, while already out of commission and not posing as a threat to those around him.

14.     Plaintiff Derick was shot three times after Officer Wilson and others of his peers, unknown to Plaintiff at this time, but known to Defendants, while numerous other shots were fired by Defendants into homes, fences, and other objects, demonstrating a blatant disregard for the safety of those residents and placing the highly populated areas of the residential area under grave risk.

15.     Although numerous Defendant Officers were at the scene at the time of the shooting and tasing, each of the officer's statements differ with regard to the number of shots fired, when they were fired and whether or not Defendant Officer Wilson fired all of the shots and taser.

16.     Defendant Officer Wilson, and/or another or others as of yet unidentified law enforcement officer(s), which include Defendant law enforcement

4

officers named herein, then conspired together to concoct a false story and falsify evidence in order to make it appear that Plaintiff Derick was armed and resisting arrest, attempting to flee and that Officer Wilson was in imminent danger of being shot by Plaintiff Derick, when the Officers knew that such statements were false and made the false statements in order to shield Defendant law enforcement officers from civil suit and/or criminal charges, and to simply leave Plaintiff with wounds that could have been fatal leaving Derick without legal recourse against the Defendant Officers or their employers for causing Derick's injuries and violating his civil rights.

17.    Plaintiff Derick was not armed and posed no threat to Officer Wilson or other officers similarly situated.

**GENERAL ALLEGATIONS**

18.    Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all proceeding paragraphs as if fully set forth herein.

19.    Around 12:20 pm a lone black male with a heavy build, here after called the robber entered the US Bank at 2990 S. Peoria Street yelling to the customers and employees (paraphrased) "give me the money".

20.    The suspect held a pillowcase out as if he possessed a weapon underneath, ordered the tellers to empty their drawers of cash, obtaining a total of $3,052.00.

21.    The suspect left in an unknown direction out of the bank to his vehicle and left.

22.     Upon the suspect entrance into the bank, a male Timothy Redding, who was also on his way to the bank, noticed the black male suspect and observed an Aurora Police car driven by Defendant, Officer David Wilson, a Caucasian male; at which point Mr. Redding informed him of the possible bank robbery underway.

23.     Defendant Wilson aired the robbery in progress on the police radio, turned his vehicle around and pulled into the driveway to the north of the bank and parked.  Prior to his exit, Defendant Wilson noticed a Silver Ford driving by a black male race by at full acceleration.

24.     Defendant Wilson then pursued after the vehicle with lights and siren activated. The suspect's (Plaintiff Derick) vehicle then ran into a large landscaping rock and was disabled.

25.     Defendant Wilson then claimed Plaintiff exited the vehicle, faced him reached into the vehicle, retrieved a bag and began to back up towards the front of the vehicle as Defendant Wilson was ordering Plaintiff to stop and put his hands above his head.

26.     An eyewitness account is different and stated that Plaintiff was digging in his car when he was shot by Officer Wilson.

27.     Defendant Wilson, then fired his gun four times at Plaintiff Derick.

28.     Plaintiff then took off running east on Bates Circle the north where the street curves.  Defendant Wilson chased after cornering Plaintiff in front of a house, he then tased Plaintiff Derick after he was on the ground with his hands above his head.

29.     It was discovered that bullet holes were located in the fence and houses in the direction of the shots.

30.     Defendant Officer Oliver is reported as being a witness to the shootings, but did not provide a statement, nor did Defendant Wilson.

31.     Defendant Petree upon his arrival to the scene, after Plaintiff had been shot multiple times, tased and was handcuffed, jumped on Plaintiff Derick and placed him in a figure four leg lock.

**FIRST CLAIM FOR RELIEF - 42 U.S.C. §1983**
COUNT I VIOLATION OF CIVIL RIGHTS UNDER COLOR OF
LAW- USE OF EXCESSIVE FORCE UNDER THE FOURTH
AMENDMENT; UNDER TITLE 42 U.S.C. §1983; AND THE
UNITED STATES CONSTITUTION BY AND THROUGH THE
FOURTEENTH AMENDMENT
**a.  Fourth Amendment—Excessive Force Claim**

32.     Plaintiff re-alleges and incorporates by reference each allegation all proceeding paragraphs as if fully set forth herein.

The Fourth Amendment of the U.S. Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and persons or things to be seized.

33.     The said actions or omissions by Defendant law enforcement Officers, which resulted in the unreasonable, wrongful, willful and wanton shooting and tasing of Plaintiff Derick, were done in the performance of their duty, in the scope of their employment, under color of law and ratified by Defendant entities, including the AURORA POLICE DEPARTMENT, and THE CITY OF AURORA.

34.     In attempting to apprehend Plaintiff Derick, the defendant law enforcement officers, shot an unarmed person, chased him down, tased him after he surrendered and continue to abuse his battered and bullet hole torn body by placing him in a figure four leg lock.

35.     By tasering Plaintiff after he had already suffered three shots to his body in the thigh, the back above his buttocks, and the shoulder blade, was on the ground with hands raised in the air, the said Defendant law enforcement officers used unreasonable force by tasing him.

36.     Defendant Wilson and/or another Defendant named herein or other as of yet unidentified law enforcement officer(s), which include the Defendant law enforcement officers named herein wrongfully, intentionally and unlawfully assaulted Plaintiff Derick by shooting him multiple times while being unarmed, by tasering after surrender, and by placing him in a leg lock after being handcuffed and subdued.

37.     After being shot initially without having any weapon, Plaintiff ran out of fear for his life not knowing what Defendant Wilson would do next, but due to his extensive wounds, blood loss and the desire to not want to be harmed further, he turned around and gave up.

38.     At this point he offered no further resistance or attempt to resist Defendant law enforcement officers identified above.

39.     Said Defendants, Officers Wilson, Oliver, Petree used unreasonable force against Plaintiff Derick.

40.     The said defendant officers   did   not   use   force   that   was

reasonably necessary under the circumstances from the perspective of a reasonable officer or officers on the scene who would be faced with the same circumstances that the said defendant officers faced.

41.     A reasonable officer, under the same circumstances, would not believe that Plaintiff Derick's actions placed the said officers or others in the immediate vicinity in imminent danger of death or serious bodily harm.

42.     By shooting him multiple times without identifying any weapon him and/or then tasing him, and/or then placing him in a figure four leg lock while handcuffed without a warrant, and without being faced with an immediate threat to the safety to the officers or others, and when Plaintiff was not actively resisting arrest or attempting to evade arrest by flight, said defendant officers violated clearly established law that a reasonable officer should know. A reasonable officer would know that the said defendant police    officers' conduct and omissions alleged    here, under these circumstances, is impermissible.

### b.  42 U.S.C. §1983

43. 42 U.S.C. §1983 provides as follows:

> *Every person* who, *under color of any statute,* ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, *subjects or causes to be subjected, any citizen of the United Sta*tes or any other person within the jurisdiction thereof *to the deprivation of any rights,* privileges, or immunities *secured by the Constitution and laws, shall be liable to party injured in an action at law, suit in equity,* or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

> declaratory relief was unavailable. For the purpose of
> this action, any Act of Congress applicable
> exclusively to the District of Columbia shall be considered
> to be a statute of the District of Columbia. (Emphasis
> added)

44.     The acts and omissions taken by Defendant Wilson, and other named defendant law-enforcement officers, and/or another or other as of yet unidentified law enforcement officer(s) which include the Defendant law enforcement officers named herein, including his/their use of excessive force, in violation of the Fourth Amendment, against Plaintiff Derick, were conducted under color of law and constituted a violation of Derick's civil rights in violation of Title 42 U.S.C.A §1983; the United States Constitution through the 14th Amendment; and the 14th Amendment.

### c.     By and Through the Fourteenth Amendment

45.     Section 1, of the Fourteenth Amendment of the US Constitution provides:

> All persons born or naturalized in the United States and
> subject to the jurisdiction thereof are citizens of the United
> States and of the State wherein they reside. *No State* shall
> make or enforce any law, which shall abridge the privileges
> or immunities of Citizens of the United States, nor shall
> *any State* deprive any person of life, liberty, or property,
> without due process of law, nor deny to any person within
> its jurisdiction the equal protection of the law. (Emphasis
> added).

46.     The Fourteenth Amendment specifically prohibits "any State" from depriving any person of his or her constitutional rights. As a result of the aforesaid acts and omissions of Defendant David Wilson and/or another or

other as of yet unidentified law enforcement officer(s), and the other named defendants, Plaintiff Derick sustained serious and permanent physical injuries.

47.     As a further result of the above actions of Defendant David Wilson, and /or another or other as of yet unidentified law enforcement officer(s), and the other named defendants, Plaintiff Derick remains in constant pain and suffers from severe physical and mental incapacity, due to severe pain which has impaired his ability to pursue this civil action and attend to his business affairs.

48.     Plaintiff Derick has been unable from the date of the incident on May 4, 2013 through the present time to exercise judgment and understand legal documents and matters; have all substantially interfered with his ability to conduct his financial, business, legal and personal affairs.

49.     Plaintiff Derick has further sustained past and future non-economic damages for pain and suffering; inconvenience; loss of enjoyment of life; emotional distress; economic damages, including medical and rehabilitation expenses; vocational rehabilitation expenses; lost wages; impairment of earning capacity; loss of time; loss of home services; and permanent physical impairments and/or disability; as well as permanent disfigurement and scarring and remains so disabled.

### SECOND CLAIM FOR RELIEF - 42 U.S.C. §1983

COUNT II – VIOLATION OF THE EIGTH AMENDMENT- CRUEL
AND UNUSUAL PUNISHMENT; TITLE 42 U.S.C. §1983, AND THE
UNITED STATES CONSTITUTION THROUGH THE
FOURTEENTH AMENDMENT

50.     Plaintiff re-alleges and incorporates by reference each

allegation all proceeding paragraphs as if fully set forth herein.

51.    The acts and omissions of Defendant David Wilson and /or another or other as of yet unidentified law enforcement officer(s) as described above, including his/their use of excessive force against PLAINTIFF Derick, were conducted under color of law and constituted cruel and unusual punishment and deliberate indifference under the   Eighth   Amendment   and   further constituted   a   violation   of   Plaintiff Derick's civil rights in violation of Title 42 U.S.C.A §1983 and violation of his Fourth Amendment right to be free from unreasonable seizures and the United States Constitution through the 14th Amendment.

52.    The unreasonable shooting, tasing and leg lock while handcuffed of Plaintiff constituted cruel and unusual punishment and occurred after Plaintiff had wrecked his vehicle had been shot once with no weapon or pretense of using a weapon had already been confined by the Defendant officers in an area from which he could not escape.

53.    As a result of the aforesaid acts and omissions of Defendants David Wilson, Oliver, and Petree and /or another or other as of yet unidentified law enforcement officer(s) as described above, PLAINTIFF Derick sustained serious and permanent physical injuries, damages and losses as set forth in the proceeding paragraphs.

### THIRD CLAIM FOR RELIEF

COUNT III- FAILURE TO TRAIN AND/OR SUPERVISE
EMPLOYEES; LACK OF POLICIES RESULTING IN
CONSTITUTIONAL VIOLATIONS; AND CUSTOM
ANDPRACTICE OF USING EXCESSIVE FORCE

54.     Plaintiff  re-alleges  and  incorporates  by  reference  each allegation all proceeding paragraphs as if fully set forth herein.

55.     A local  government  entity  may  be  liable  under  §1983  when execution of governmental policy or custom results in infliction of an injury.

*Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.E.2d 611 (1978).

56.     A municipality may also be liable under §1983 where its failure to train,  supervise,  or  discipline  police  officers  is  reckless  or  grossly  negligent since  this  will  be  taken  to  mean  that  an  official  policy  or  custom  exists  which results  in  constitutional  violations,  or  that  there  is  implicit  authorization  or approval of, or acquiescence in, unconstitutional conduct.

*Skevofilax v. Quigley*, 586 F.Supp. 532 (D. N.J. 1984).

57.     Here,  Defendant  Aurora  Police  Department  and  Defendant  the  City Of  Aurora  and  the  other  named  Defendant  government  and  law  enforcement entities  named  herein  had  policies  against  the  use  of  deadly  force  against individuals unless an officer's life and/or safety was being threatened as well as policies against vehicle pursuits involving fleeing suspects.

58.     Further,  Defendant  Aurora  Police  Department  and  Defendant  City Of  Aurora  and  the  other  named  Defendant  governmental  and  law  enforcement entities acted unreasonably, recklessly, and willfully and grossly negligent in that they failed to train and supervise their police officers, including Defendant  David

Wilson, Gary Oliver, and Robert Petree and the other Defendant law enforcement officers identified above, and /or another or other as of yet unidentified law enforcement officer(s), which include the Defendant law enforcement officers named herein, regarding the use of deadly force.

59.     As demonstrated by the above-described reckless, willful, unreasonable and grossly negligent conduct and omissions by Defendant David Wilson and/or another or other as of yet unidentified law enforcement officer(s), which include the Defendant law enforcement officers named herein, there are apparent problems in the policies and customs of Defendant Aurora Police Department and Defendant City of Aurora and/or in the training and supervision of its police officers regarding when deadly force can and should be used to protect a police officer.

60.     Defendant Aurora Police Department and Defendant City of Aurora and the other defendant governmental and law enforcement entities have been reckless and grossly negligent in its training and supervision, and lack appropriate policies to guard against the injuries suffered by Plaintiff Derick, as these clear violations of the Plaintiff's civil rights would likely have not occurred if Defendant David Wilson, Robert Petree, Gary Oliver and /or another or other as of yet unidentified law enforcement officer(s) which include the Defendant law enforcement officers named herein, were properly trained.

61.     As result of the failure of Defendant Aurora Police Department and Defendant City of Aurora and the other defendant government and law enforcement entities to properly train or to provide proper supervision regarding

14

the use of deadly force, Plaintiff Derick has suffered damages, injuries and losses as set forth in paragraphs proceeding above.

### FOURTH CLAIM FOR RELIEF- 42 U.S.C. §1981
COUNT IV – VIOLATION OF EQUAL RIGHTS UNDER THE LAW –
TITLE 42 U.S.C. §1981 AND THE UNITED STATES
CONSTITUTION THROUGH THE FOURTEENTH AMENDMENT

62.   Plaintiff re-alleges and incorporates by reference each allegation all proceeding paragraphs as if fully set forth herein.

63.   Section 42 U.S.C.A §1981 provides:

(a)Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other;

(b) "make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship;

(c)Protection against impairment
The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

64.   The aforesaid described actions and omissions taken by Defendant Aurora Police Department, Defendant City of Aurora, Defendant David Wilson, Gary Oliver, Robert Petree and /or another or other as of yet unidentified

law enforcement officer(s), which include the Defendant law enforcement officers named herein discriminated against Plaintiff Derick for being a black male and had no rational basis and violated the equal protection clause of the U.S. Constitution and due process as applied to the States through the Fourteenth Amendment, and violated the equal protection clause of the Fourteenth Amendment.

65.    As a result of the failure of Defendant Aurora Police Department, Defendant City Of Aurora, Defendant David Wilson, Gary Oliver, Robert Petree, and /or another or other as of yet unidentified law enforcement officer(s), which include the Defendant law enforcement officers named herein, to provide equal protection of the laws to Plaintiff Derick, Derick, sustained damages, injuries and losses as set forth in paragraphs proceeding.

### FIFTH CLAIM FOR RELIEF- 42 USC §1988
COUNT IV– ATTORNEYS FEES AND COSTS

66.    Plaintiff re-alleges and incorporates by reference each allegation all proceeding paragraphs as if fully set forth herein.

67.    Title 42 U.S.C. §1988, Proceedings in vindication of civil rights, provides:

(a) Applicability of statutory and common law

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and

punish offenses against the law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil and criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(b) Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that any such action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c)  In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

68. Because Plaintiff Derick's civil action herein seeks enforcement of sections 42 U.S.C. 1981 and 1983, Plaintiff Derick hereby seeks payment of his reasonable costs and fees associated with this civil action.

**SIXTH CLAIM FOR RELIEF-WILFUL AND WANTON CONDUCT**

17

COUNT VII- DEFENDANT LAW ENFORCEMENT OFFICERS FOR THEIR OWN WILLFUL AND WANTON ACTS AND DEFENDANT POLICE DEPARTMENTS AND GOVERNMENTAL AND PUBLIC ENTITES AURORA POLICE DEPARTMENTAND DEFENDANT CITY OF AURORA FOR THE NEGLIGENT AND WILFUL AND WANTON ACTS AND OMISSIONS OF DEFENDANT DAVID WILSON, GARY OLIVER, ROBERT PETREE AND THE OTHER DEFENDANT POLICE OFFICERS IDENTIFIED ABOVE IN THEIR CAPACITY AS PAID PEACE OFFICERS, EMPLOYEES AND/OR AGENTS OF DEFENDANT POLICE DEPARTMENTS AND GOVERNMENTAL AND PUBLIC ENTITES INCLUDING AURORA POLICE DEPARTMENTAND DEFENDANT CITY OF AURORA

69.    Plaintiff re-alleges and incorporates by reference each allegation all proceeding paragraphs as if fully set forth herein.

70.    Under Colorado's doctrine of *respondeat superior*, an employer, including a public employer, is liable for the negligent and/or willful and wanton acts and omissions of its employees, as alleged above, which occur within the scope of their duties and within the scope of their employment.

71.    The actions and omissions of said Defendant law enforcement officers in using excessive force in shooting, tasering and leg locking Plaintiff Derick without legal justification constituted willful and wanton conduct for which the Defendant law enforcement officers are liable.

72.    When, in the performance of their duties and within the course of their employment, Defendants David Wilson, Gary Oliver, Robert Petree and /or another or other as of yet unidentified law enforcement officer(s) which include the Defendant law enforcement officers named herein, injured Derick in the aforesaid willful and wanton manner, which resulted in the aforesaid injuries, damages and losses, set forth in paragraphs proceeding above, Defendant

governmental and public  entities including Aurora Police Department and Defendant City of Aurora and became liable under Colorado's doctrine of *respondeat superior* for the negligent and willful and wanton actions and omissions of Defendant David Wilson, Gary Oliver, Robert Petree and/or another or other as of yet unidentified law enforcement officer(s), which include the Defendant law enforcement officers named herein, in their capacity as paid peace officers; and as employees and/or agents of the named governmental and public entities named herein including Aurora Police Department and the City of Aurora.

**SEVENTH CLAIM FOR RELIEF**
COUNT XI- CIVIL CONSPIRACY

73.    Plaintiff re-alleges and incorporates by reference each allegation all proceeding paragraphs as if fully set forth herein.

74.    Defendant's Aurora Police Department, Defendant City of Aurora, Defendant Governmental and Public Entities and law enforcement agencies, Defendant David Wilson, Gary Oliver, Robert Petree, and/or other yet unidentified police officers, which include the Defendant law enforcement officers named herein, knowingly entered into a conspiracy or otherwise conspired and agreed to, and did, wrongfully and unlawfully conceal evidence and cover up their wrongful and willful acts and their violations of Plaintiff Derick's civil rights under color of law as described above and obstructed justice, abused process, and caused Plaintiff Derick to be unlawfully imprisoned to his detriment and injury and to prevent him from testifying at trial

19

against them.

75.   As a direct and proximate result of the said Defendants' conspiracy, and Defendants' acting in concert, did take substantial steps in furtherance of their said civil conspiracy, including falsifying evidence and making false statements, Plaintiff Derick was deprived of his due process rights and suffered the damages, injuries and losses as more fully described above in paragraphs proceeding, and is entitled to receive exemplary damages in addition to his actual and compensatory damages.

WHEREFORE, Plaintiff Derick prays for judgment against the said defendants for violations of his civil rights and for his debilitating physical, orthopedic, and neurological injuries and damages, as aforesaid, including, past and future non-economic losses including pain and suffering, emotional distress, loss of enjoyment of life and inconvenience; past and future economic losses including medical rehabilitation bills, expenses and doctor's bills, hospital bills, bills for medication, lost wages, impairment of earning capacity, loss of home services, vocational rehabilitation expenses; loss of time attending medical appointments; and past and future physical impairment or disability and permanent disfigurement injuries, damages and losses; for attorney fees and costs, for statutory pre- judgment interest and post-judgment interest as allowed by law; exemplary or punitive damages as allowed by law, and any other relief that this honorable court deems just or proper in the premises.

RESPECTFULLY SUBMITTED THIS 4th DAY OF MAY, 2015.

*/s/ Collin Joseph Earl, Esq.*
Collin Joseph Earl, Esq. # 41808
Earl & Earl, PLLC
333 Perry Street, Ste. 307
Castle Rock, CO 80104
Collin@earlandearl.com
*Counsel for Plaintiff*