IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00948-REB-KLM

DERICK LAMAR WILLIAMS-BERRIEN,

     Plaintiff,

v.

DAVID WILSON, Officer, individually and in his official capacity as a paid peace officer and
as an Employee and/or Agent of the Aurora Department and the City of Aurora,
GARY OLIVER, Officer, individually and in his official capacity as a paid peace officer and
as an Employee and/or Agent of the Aurora Department and the City of Aurora,
ROBERT PETREE, Officer, individually and in his official capacity as a paid peace officer
and as an Employee and/or Agent of the Aurora Department and the City of Aurora,
DAN OATES, Aurora Police Chief, individually and in his capacity as a paid peace officer
supervisor of Officers David Wilson, Gary Oliver, and Robert Petree and as an Employee
and/or Agent and/or Chief of the Aurora Police Department and the City of Aurora,
THE CITY OF AURORA, in its capacity as a governmental entity and as the
employer/principal of Officers David Wilson, Gary Oliver, and Robert Petree, Aurora Police
Chief Dan Oates, and the Aurora Police Department, and
AURORA POLICE DEPARTMENT, in its capacity as employer and/or supervisor of Officers
David Wilson, Gary Oliver, and Robert Petree, Aurora Police Chief Dan Oates, and an
Agent and/or independent contractor of the City of Aurora,

     Defendants.
_____

## ORDER ALLOWING AMENDMENT AND ORDER TO SHOW CAUSE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants' **Joint Motion to Dismiss the
Complaint [#17]**[1] (the "Motion to Dismiss") and on Plaintiff's **Opposed Motion for Leave
to Amend the Complaint [#27]** (the "Motion to Amend"). Although the Motion to Amend

---

    [1]    [#17] is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic filing system
(CM/ECF). This convention is used throughout this Order.

was allegedly opposed, *see* [#27] at 2, Defendants have not filed a timely Response in opposition. D.C.COLO.LCivR 7.1(d). Because a Scheduling Conference has not yet been held, the Motion to Amend is timely, and the Court finds that leave should be granted pursuant to Fed. R. Civ. P. 15(a)(2). Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#27] is **GRANTED**. The Clerk of Court is directed to accept the Amended Complaint [#27-2] for filing as of the date of this Minute Order.

IT IS FURTHER **ORDERED** that the Motion to Dismiss [#17] is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Normally, Defendants would be required to file an answer or other response to the Amended Complaint within fourteen days of this Minute Order. *See* Fed. R. Civ. P. 15(a)(3). However, on September 9, 2015 (after the Motion to Amend [#27] was filed), the Court permitted Plaintiff's counsel to withdraw. *Minute Order* [#29]. At that time, the Court noted that Plaintiff's withdrawing counsel had indicated that he did not have a current

-2-

address for Plaintiff because Plaintiff was in the process of moving between prison facilities. *Id.* The Court directed Plaintiff to update his address with the Court within one week of his placement at a new facility.   *Id.*  However, to date, Plaintiff has not yet updated the Court with his new address.

D.C.COLO.LAttyR 5(c) requires that a party provide notice of any change of address (or other contact information) to the Court within five days of such change.  Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change.  Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this litigation.  Accordingly,

IT IS FURTHER **ORDERED** that on or before **November 13, 2015**, Plaintiff shall show cause in writing and filed on the docket, as to why this case should not be dismissed for his failure to comply with the Local Rules and to prosecute this lawsuit.  *See, e.g., Myers v. [No Named Defendant]*, No. 07-cv-02421-BNB, 2008 WL 608311 (D. Colo. Mar. 4, 2008) (failure to communicate properly with Court, including failure to inform Court of change of address, resulted in dismissal without prejudice).  Plaintiff may also comply with this Order to Show Cause by filing a written Notice of Address Change providing his current contact information on or before **November 13, 2015**.  **Failure to respond to this Order to Show Cause will result in a recommendation that Plaintiff's lawsuit be dismissed.**

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint [#27-2] **fourteen (14) days** after Plaintiff provides an updated

address with the Court, if Plaintiff does so.

Dated:  October 13, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge