IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00948-REB-KLM

DERICK LAMAR WILLIAMS-BERRIEN,

    Plaintiff,

v.

DAVID WILSON, Officer, individually and in his official capacity as a paid peace officer and as an Employee and/or Agent of the Aurora Department and the City of Aurora,
GARY OLIVER, Officer, individually and in his official capacity as a paid peace officer and as an Employee and/or Agent of the Aurora Department and the City of Aurora,
ROBERT PETREE, Officer, individually and in his official capacity as a paid peace officer and as an Employee and/or Agent of the Aurora Department and the City of Aurora,
DAN OATES, Aurora Police Chief, individually and in his capacity as a paid peace officer supervisor of Officers David Wilson, Gary Oliver, and Robert Petree and as an Employee and/or Agent and/or Chief of the Aurora Police Department and the City of Aurora,
THE CITY OF AURORA, in its capacity as a governmental entity and as the employer/principal of Officers David Wilson, Gary Oliver, and Robert Petree, Aurora Police Chief Dan Oates, and the Aurora Police Department, and
AURORA POLICE DEPARTMENT, in its capacity as employer and/or supervisor of Officers David Wilson, Gary Oliver, and Robert Petree, Aurora Police Chief Dan Oates, and an Agent and/or independent contractor of the City of Aurora,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Court's **Order Allowing Amendment and Order to Show Cause** [#32] and on Plaintiff's **Motion to Notify and Request for Continuance** [#34] (the "Motion"). The Court has also reviewed Plaintiff's **Letter** [#35], dated October 19, 2015, and filed with the Court on October 30, 2015.

    On September 9, 2015, the Court permitted Plaintiff's counsel to withdraw. *Minute Order* [#29]. At that time, the Court noted that Plaintiff's withdrawing counsel had indicated that he did not have a current address for Plaintiff because Plaintiff was in the process of moving between prison facilities. *Id.* In the Order to Show Cause [#32], the Court directed Plaintiff to update his address with the Court prior to November 13, 2015. Plaintiff has

done so as part of the present Motion [#34].  Accordingly,

      IT IS HEREBY **ORDERED** that the Order to Show Cause [#32] is **DISCHARGED**.

      In the Motion [#34], Plaintiff asks the Court to grant him an unspecified amount of time in which to obtain new counsel.  Although he states that his incarceration means that it is taking "longer for him to get in contact with several attorneys who [are] willing to help him," he does not provide any further indication that actually securing counsel to represent him will happen in the immediate future.  Although the Court encourages Plaintiff to continue to seek counsel to represent him, this litigation cannot come to a halt as he searches.  While Plaintiff continues to represent himself as a pro se litigant in this matter, he is under a legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  Accordingly,

      IT IS FURTHER **ORDERED** that the Motion [#34] is **DENIED**.

      With respect to the Letter [#35], the Court notes that pro se litigants must follow the same procedural rules that govern other litigants.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  The Federal Rules of Civil Procedure require that parties to a civil litigation file *motions* when they seek relief from the Court.  Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  In addition, the Local Rules of this Court require that a motion "state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion."  D.C.COLO.LCivR 7.1(d).  These rules allow for an orderly progression in the litigation.  Therefore, the Court does not consider letters or other documents not titled as motions or attached to motions.  As a one-time courtesy, the Court will respond to this particular letter.  However, in the future, the Court will not respond to letters submitted by Plaintiff.

      In the Letter, Plaintiff states that "[o]n October 15, 2015 I received documents pertaining to my case from my former Attorney.  I don't [believe] that [these are] all the documents.  I was wondering if I can get all the documents that were filed on the docket of this case [sent] to me so I can have them since I am now acting as my own Attorney (pro se)."  *See* [#35] at 2.  It is not the Court's responsibility to supply copies of litigation documents to Plaintiff.  However, the Court will direct the Clerk of Court to mail to Plaintiff a printed copy of the electronic docket.  Plaintiff may compare the documents he received from his attorney with the electronic docket.  If he is missing any Court Orders, he may file a motion seeking those specific documents, and, as a one-time courtesy, the Court will direct the Clerk of Court to mail new copies of those Orders to him.  Accordingly,

      IT IS FURTHER **ORDERED** that the Clerk of Court shall mail to Plaintiff a printed copy of the electronic docket.

      Dated:  November 3, 2015