IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00948-REB-KLM

DERICK LAMAR WILLIAMS-BERRIEN,

Plaintiff,

v.

DAVID WILSON, Officer, individually, and
ROBERT PETREE, Officer, individually,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [#125][1] (the "Motion"). Defendants filed a Response [#133] in opposition to the Motion [#125]. No Reply was timely filed.[2] Plaintiff proceeds in this matter as a pro se litigant.[3] Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion

---

[1] "[#125]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] Pursuant to D.C.COLO.LCivR 7.1(d), the Court may rule on a motion at any time after it is filed.

[3] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

-1-

[#125] has been referred to the undersigned for recommendation.[4] *See* [#126]. The Court has reviewed the Motion [#125], the Response [#133], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#125] be **DENIED**.

## I. Background

On May 4, 2015, Plaintiff filed this lawsuit. *Compl.* [#1]. On October 13, 2015, Plaintiff filed an Amended Complaint [#33]. Defendants subsequently filed a Motion to Dismiss the Amended Complaint [#39]. The Court granted in part and denied in part the Motion to Dismiss the Amended Complaint [#39], leaving only excessive force claims against Defendants Wilson and Petree. *Order* [#49] at 3. Defendants then filed a Motion for Summary Judgment [#78] on August 21, 2017. The Motion for Summary Judgment [#78] was denied without prejudice because Plaintiff's Motion to Compel [#109] had not yet been fully briefed and Defendants had not yet produced relevant evidence which Plaintiff sought in discovery. *Order* [#116] at 1. Following the production of the evidence, Plaintiff filed the present Motion [#125] seeking to amend the Amended Complaint [#33].

## II. Standard of Review

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and

---

[4] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue in the Tenth Circuit. *Hatten v. Freeborn*, No. 09-cv-02729-CMA-MJW, 2010 WL 1677772, at *2 (D. Colo. Apr. 26, 2010) (citing *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009)). When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Sunflower Condo. Ass'n, Inc. v. Owners Ins. Co.*, No. 16-cv-2946-WJM-NYW, 2018 WL 1755784, at *1 (D. Colo. Apr. 12, 2018) (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp 2.d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, it is assumed that the issue is dispositive and requires a recommendation.

(2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (internal quotations omitted); *see, e.g., Petekeiwicz v. Stembel*, No. 13-cv-1865-RM-KLM, 2015 WL 1740386, at *4 (D. Colo. Apr. 14, 2015); *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL 1464588 (D. Colo. Apr. 18, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000). If the movant meets the Rule 16(b)(4) good cause standard and the Rule 15(a) standard to amend the pleadings, the movant has met the requirements to amend the pleadings. *Birch*, 812 F.3d at 1247. However, if a plaintiff fails "to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether [a plaintiff has] satisfied the requirements of Rule 15(a)." *Carriker v. City & Cty. of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *2 (D. Colo. May 16, 2013) (citing *Nicastle*, 2011 WL 1465586, at *3).

If a party has met the Rule 16(b)(4) good cause standard, the Court has discretion to grant a party leave to amend its pleadings pursuant to Rule 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

### III. Analysis

**A.    Request for Leave to Amend**

The first issue to address is the timeliness of the Motion [#125]. *See Carriker*, 2013 WL 2147542, at *1. There was no deadline set for joinder of parties and amendment of pleadings at the Scheduling Conference. *See Minute Entry* [#52]. Thus, the Court finds that the amendment is timely. *See Carriker*, 2013 WL 2147542, at *1. Therefore, the Court turns to Rule 15(a)(2).

**1.    Futility**

Defendants argue in part that leave to amend should not be granted because Plaintiff's new claims are futile. *Response* [#133] at 4. It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint." *Id.* (quotations omitted).

In the Proposed Second Amended Complaint [#129], Plaintiff brings eleven claims for relief. As an initial matter, claims two and five appear to be functionally the same claims as the remaining claims already asserted against Defendants Wilson and Petree, i.e., claims for excessive force in relation to Defendant Wilson allegedly tasing Plaintiff and Defendant Petree allegedly placing Plaintiff in a leg lock. *See generally Am. Compl.* [#33].

Plaintiff alleges that "[Defendant] Wilson needlessly TASED Plaintiff" and that "[Defendant] Petree applied the painful leg lock on Plaintiff while he was effectively subdued." *Second. Am. Compl.* [#129] at 23, 26 (emphasis in original). These are the same facts that underlie the remaining excessive force claims against Defendants Wilson and Petree in the First Amended Complaint [#33]. Thus, because the second and fifth claim for relief are entirely duplicative of claims that have already been brought against Defendants, the Court treats them accordingly.

With regard to the fifth claim for relief, the Court notes that in the Proposed Second Amended Complaint, Plaintiff alleges that Defendant Petree's actions were in violation of the Fifth Amendment. [#129] at 26. However, because the claim is functionally the same as the one already brought against Defendant Petree, and because the Court has already stated that "the appropriate excessive force analysis is pursuant to the Fourth Amendment, and only the Fourth Amendment," the Court treats Plaintiff's fifth claim for relief as being brought pursuant to the Fourth Amendment. *See Recommendation* [#48] at 9. Regardless, to the extent Plaintiff's claim is brought pursuant to the Fifth Amendment, the claim would still be futile because the Fifth Amendment only guarantees rights against the federal government, and Defendants are municipal government employees. *See Fleury v. Collins*, No. 10-cv-01361-LTB-KLM, 2011 WL 1706835, at *4 n.2 (D. Colo. Apr. 14, 2011).

The Court next addresses Defendants' futility argument with respect to Plaintiff's first claim for relief. The first claim for relief asserts a claim for "Unauthorized Use of Potentially Deadly Force" against Defendant Wilson. *Proposed Second Am. Compl.* [#129] at 20. The Court notes that Plaintiff's claim is essentially the same excessive force claim that has already been dismissed with prejudice. *See generally Am. Compl.* [#33]. Plaintiff asserts

that "[Defendant] Wilson's posture, demeanor, and tone-of-voice coupled with the threat upon Plaintiff's life, immediately compelled an otherwise compliant, surrendering Plaintiff to flee for his life. [Defendant] Wilson needlessly shot Plaintiff twice in-his-back [sic] while fleeing empty-handed, and while NO ONE was in harms way." *Proposed Second Am. Compl.* [#129] at 21 (emphasis in original). These are the same facts that underlie the excessive force claim in the First Amended Complaint [#33]. Because this claim has already been dismissed with prejudice, *See Order* [#49] at 3, it is subject to dismissal under Rule 12(b)(6) and therefore is futile. *See Styskal v. Weld Cty. Bd. of Cty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (explaining that dismissal with prejudice by a district court means that the plaintiff cannot refile the dismissed claim in that same district).

The Court next turns to the fourth claim for relief. The fourth claim for relief asserts a claim for "Respondeat Superior Liability" against Sergeant Bryan Butler ("Butler"). *Proposed Second Am. Compl.* [#129] at 25. Specifically, Plaintiff asserts that Sergeant Butler is liable for Defendant Petree's and Officer Gary Oliver's ("Oliver") allegedly wrongful acts under the doctrine of respondeat superior. *Proposed Second Am. Compl.* [#129] at 25. Plaintiff alleges that "[Sergeant] Butler placed a directive to [Officer] Oliver to 'stop' Plaintiff from 'rolling around,' and [Defendant] Petree re-acted [sic] by placing Plaintiff in a figure-4 leg lock." *Id.* Plaintiff further alleges that "[Sergeant] Butler's directive was unnecessary and wanton." *Id.* However, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis in original). Accordingly, the Court finds that Plaintiffs fourth claim for relief is futile. *See id.*

Although far from clear, Plaintiff also brings claims which appear to assert municipal

liability against the Aurora Police Department and the City of Aurora. *See Proposed Second Am. Compl.* [#129] at 29-33. Specifically, these claims are the eighth through eleventh claims for relief. *Id.* First, as the Court has already held in this case, under Colorado law, police departments are "not juridical entities subject to suit." *Recommendation* [#48] at 9 (citing *Gash v. City of Denver*, No. 12-cv-00929-REB-MJW, 2012 WL 3638798, at *1 (D. Colo. Aug. 23, 2012)). Therefore, to the extent these claims are asserted against the Aurora Police Department, they are futile. *See id.* Second, any municipal liability claims against the City of Aurora have been dismissed with prejudice. *See Order* [#49] at 3. Thus any claims for municipal liability brought against the City of Aurora at this juncture are futile. *See Styskal*, 365 F.3d at 859.

### 2. Undue Delay

The Court next turns to Defendants' undue delay argument, in which Defendants assert that "Plaintiff has not provided any adequate explanation for the delay in seeking to amend." *Response* [#133] at 7. The Tenth Circuit has held that "denial of leave is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). Here, Plaintiff asserts that his new allegations and claims are based on a compact disc containing Officer Oliver's and Defendant Wilson's "post-incident video interviews." *Motion* [#125] ¶ 1. According to Plaintiff, the compact disc was "a long and overdue" discovery request from Defendants, which he received February 26, 2018. *Id.* at 1. Plaintiff argues that:

> [d]ue to Defendants' needlessly redacting Officials' names in police reports from previous discovery requests, it was literally impossible to develope [sic] circumstances to whom did what, and when during Officers' use of excessive force, and to whom the authors were [sic] of the police reports. Still, to this

-7-

day, not enough information is available to place all the needless draconian [sic] pieces together. Said video substantially assisted in generated [sic] Names and circumstances, hence newly discovered evidence.

*Id.* ¶¶ 7-8.

As best the Court can tell, it appears that Plaintiff is arguing that he is now able to match officers' names to their actions after watching the post-incident interviews. However, in the Proposed Second Amended Complaint only the fourth and seventh claims for relief relate to proposed new parties to the lawsuit, and the Court has already determined that Plaintiff's fourth claim is futile. [#129] at 25, 28. The other nine claims for relief relate either to Defendants Wilson and Petree, or to parties who have since been dismissed. *Id.* at 19-33. It is thus reasonable to infer that Plaintiff already had knowledge of these parties. *See generally First Am. Compl.* [#33].

With respect to the seventh claim for relief, Plaintiff asserts that:

[Defendant] Wilson, and [Officer] Oliver deliberately failed to describe [Defendant] Petree's use of a leg lock, upon the effectively subdued, severely injured Plaintiff, during a Official factfinding investigation that concerns Officers' Use of Excessive Force. Mark Colin, [Defendant] Wilson, and [Officer] Oliver, individually and collectively, acted in concert and knowingly conspired to OMIT material FACTS from the official, permanent record, and likewise proffered a reckless or deliberate falsehood during an Official investigation.

*Proposed Second Am. Compl.* [#129] at 28 (emphasis in original). The Proposed Second Amended Complaint [#129] lacks non-conclusory allegations regarding this claim which would allow the Court to determine the specific factual basis for this claim. The other ten claims all flow from the July 8, 2013 arrest, while, although far from clear, the seventh claim appears to flow from an alleged "factfinding investigation" that occurred after the bank robbery and arrest incident. *Id.* at 28.

Regardless, on its face, the seventh claim for relief appears to be barred on the

-8-

basis of undue delay, as are the other nine claims for relief that all flow from the July 8, 2013 arrest. *See generally Proposed Second Am. Compl.* [#129]. Plaintiff conclusorily states that "said video Substantiates [Sergeant] Butler's personal involvement on cognizable Respondeat Superior Liability," and that "[e]vidence further generated, alleges attorney Mark Colin conspired with [Officers] Wilson and Gary Oliver to omit (cover-up) FACTS from the Official record, during a FACTFINDING inquiry." *Motion* [#125] ¶¶ 9-10 (emphasis in original). However, Plaintiff offers no further clarification as to how the video interviews or other recently-produced evidence supposedly support the claims in the Proposed Second Amended Complaint [#129]. Therefore, the Court finds that, regardless of whether these claims are futile, Plaintiff has not demonstrated reliance on the new evidence, and thus has not offered an adequate explanation for the delay in filing claims one through three, five and six through eleven. *See Minter*, 451 F.3d at 1206.

Because the Court finds that all claims are futile or the delay in asserting them is inadequately explained, the Court cannot find that Plaintiff has provided the Court sufficient reason to grant leave to amend. Accordingly, the Court respectfully **recommends** that the Motion [#125] be **denied** to the extent it is asserted pursuant to Rule 15(a).

**B.     Alteration of Judgment and Relief From Judgment**

Plaintiff also moves for a new trial pursuant to Rule 59(b), seeks to alter the judgment on Order [#49] pursuant to Rule 59(e), and requests relief from the judgment pursuant to Rule 60(b). *Motion* [#125] at 5. Plaintiff argues that the "Magistrate's Recommendation [#48] and District Court's ORDER ADOPTING [#49] are in err [sic] when claiming that Officer Gary Oliver did NOT participate in the aprehension [sic] and arrest of the Plaintiff. Evidence clearly suggests this is completely without merit." *Id.* (emphasis in

original).

### 1. Rule 59(b)

The Court first addresses Rule 59(b). Rule 59(b) is complementary to Rule 59(a) and states "a motion for a new trial must be filed no later than 28 days after the entry of judgment." Rule 59(a)(2) states "[t]he court may, on motion, grant a new trial on all or some of the issues." Trial has not yet occurred in this case. Therefore, to the extent Plaintiff moves for a new trial, the Court finds the motion premature. Accordingly, the Court respectfully **recommends** that the Motion [#125] be **denied** to the extent it is asserted pursuant to Rule 59(b).

### 2. Rule 59(e)

The Court next addresses Rule 59(e). As an initial matter, the Court finds that a motion asserted pursuant to 59(e) is premature at this stage as no final judgment has been entered in this case. *See E.E.O.C. v. Outback Steak House of Fla.*, No. 06-cv-01935-EWN-KLM, 2008 WL 3992171, at *2 (D. Colo. Aug. 20, 2008). The Court therefore interprets this request as a motion for reconsideration. *See id.* ("Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are [normally] accepted as the offspring of [Rule] 59(e).")

A motion to reconsider is the appropriate vehicle "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "Grounds warranting a motion for reconsideration include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed

or to advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff does not suggest that there has been any intervening change in the controlling law, but does assert that the Court was incorrect when it held that Officer Oliver did not participate in the arrest of Plaintiff. *Motion* [#125] at 5. Plaintiff argues that the "[e]vidence clearly suggests" that Officer Oliver participated in the arrest. *Id.* The Court notes, however, that it never held that Officer Oliver did not participate in the arrest. Rather, the Court merely held that Plaintiff failed to adequately allege any constitutional violation by Officer Oliver. *See Recommendation* [#48] at 12-15. Here, Plaintiff does not clarify what evidence suggests that Officer Oliver participated in the arrest in a constitutionally prohibited manner. Regardless, the Court is constrained to the allegations within the complaint for the purpose of adjudicating a motion to dismiss and cannot take evidence outside the complaint into account. *See Iqbal*, 556 U.S. at 678. In short, when dismissing the claims against Officer Oliver, the Court held that Plaintiff sufficiently pled that Officer Oliver was a witness to the arrest, but that all other allegations against him were conclusory. *Recommendation* [#48] at 12-13. In the First Amended Complaint [#33], there simply was nothing to suggest that the Court was incorrect in its finding that Plaintiff did not sufficiently allege that Officer Oliver was involved in the arrest in a constitutionally prohibited way. Thus the Court cannot find that there was clear error. *See Sayed*, 2014 WL 3862635, at *2.

Additionally, as already discussed, the Court does not find that Plaintiff has relied on any new evidence, especially for claims relating to Officer Oliver. Thus, the Court finds Plaintiff's motion for reconsideration insufficient. *See id.* Accordingly, the Court respectfully **recommends** that the Motion [#125] be **denied** to the extent it is asserted pursuant to Rule

59(e).

### 3. Rule 60(b)

The Court next turns to Rule 60(b). "A Rule 60(b) motion is appropriate for, among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1), (2)). "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 WL 4467373, at *5 (D. Colo. July 22, 2015) (quoting *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008)). "A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b)." *Martinez v. Red's Towing*, No. 14-cv-00458-KLM, 2015 WL 328304, at *2 (D. Colo. Jan. 23, 2015) (citing *Van Skiver v. United States*, 952 F.3d 1241, 1243 (10th Cir. 1991). The exceptional circumstances enumerated in Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As already discussed, the Court does not find that Plaintiff has relied on any newly discovered information. Plaintiff merely states in a conclusory fashion that the Order [#49] was in error, but "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (citing *Van*

*Skiver*, 98 F.3d at 577). Because Plaintiff does not rely on new evidence or any of the other exceptional circumstances enumerated in Rule 60(b), the Court cannot find that it offends justice to deny relief to Plaintiff under Rule 60(b). *See Martinez*, 2015 WL 328304, at *5. Accordingly, the Court respectfully **recommends** that the Motion [#125] be **denied** to the extent it is asserted to Rule 60(b).

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#125] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated: August 13, 2018

Kristen L. Mix
United States Magistrate Judge